UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-61670-CIV-MORENO/O'SULLIVAN

WORLD TRAVELING FOOLS, LLC,

    Plaintiff,

v.

DIAMOND AIRCRAFT INDUSTRIES, INC., et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER came before the Court on the Plaintiff's Motion to Exclude Expert Proffered by Defendants (DE# 117, 8/19/14). This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b) for a report and recommendation. See Order of Referral to Magistrate Judge O'Sullivan Regarding Plaintiff's Motion to Exclude Expert Proffered By Defendants (DE# 119, 8/27/14). Having reviewed the applicable filings and the law and having held a hearing on September 22, 2014,[1] the undersigned respectfully RECOMMENDS that the Plaintiff's Motion to Exclude Expert Proffered by Defendants (DE# 117, 8/19/14) be **DENIED** for the reasons stated herein.

## BACKGROUND

On August 19, 2014, the plaintiff filed the instant motion. See Plaintiff's Motion to Exclude Expert Proffered by Defendants (DE# 117, 8/19/14). The defendants filed a response on September 4, 2014. See Diamond Aircraft Industries, Inc. and Diamond

---

[1] The hearing was initially noticed for September 25, 2014. See Order (DE# 126, 9/19/14). On September 22, 2014, the parties requested that the September 25, 2014 hearing be rescheduled. On September 22, 2014, the undersigned held a hearing on the instant motion.

Aircraft Sales U.S.A., Inc.'s Joint Response in Opposition to Plaintiff's Motion to Exclude Expert Proffered by Defendants (DE# 120, 9/4/14). The plaintiff filed a reply on September 15, 2014. See Plaintiff's Reply in Support of its Motion to Exclude Expert Proffered by Defendants (DE# 122, 9/15/14). On September 22, 2014, the undersigned held a hearing. This matter is ripe for consideration.

## ANALYSIS

The plaintiff seeks to exclude the expert testimony of Carl Thier, Esq. under Rule 44.1 of the Federal Rules of Civil Procedure, Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993) and Rule 702 of the Federal Rules of Evidence. See Plaintiff's Motion to Exclude Expert Proffered by Defendants (DE# 117, 8/19/14). At issue is Mr. Thier's opinion that: **"the insolvency administrator was not required to terminate the warranties and the pro rata program under German law."** June 18, 2014 Letter, Exhibit 1 (DE# 120-1 at 1, 9/4/14) (emphasis in original).

**1.     Fed. R. Civ. P. 44.1**

Rule 44.1 states in its entirety:

> A party who intends to raise an issue about a foreign country's law must give notice by a pleading or other writing. In determining foreign law, the court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence. The court's determination must be treated as a ruling on a question of law.

Fed. R. Civ. P. 44.1. The plaintiff argues that "[b]ecause German law has no bearing on the substantive issues in this case and German law does not resolve a legal issue, [Mr.] Thier's opinion is irrelevant and improper under Fed. R. Civ. P. 44.1." Plaintiff's Motion to Exclude Expert Proffered by Defendants (DE# 117 at 3, 8/19/14).

2

The plaintiff further argues that "a foreign legal expert may not be used to answer questions of fact." Plaintiff's Motion to Exclude Expert Proffered by Defendants (DE# 117 at 4, 8/19/14). However, there is nothing in Mr. Their's June 18, 2014 Letter that indicates he is opining on factual issues. Because the defendants do not intend to use Mr. Thier's testimony to address factual issues, the undersigned will not address this argument further.

The undersigned concludes that nothing in Rule 44.1 precludes Mr. Thier's testimony, to the extent it becomes relevant at trial. At the September 22, 2014 hearing, the defendants offered to withdraw Mr. Thier as an expert if the plaintiff stipulated to the statement that: German bankruptcy law does not require that the warranties be voided. The plaintiff refused to enter into this stipulation. If the question of whether German bankruptcy law requires that the warranties be voided becomes an issue at trial, Mr. Thier should be allowed to testify for the reasons stated below.

2.   **Daubert and F.R.E. 702**

The plaintiff further argues that Mr. Thier should be excluded as an expert under Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993) and Rule 702 of the Federal Rules of Evidence. See Plaintiff's Motion to Exclude Expert Proffered by Defendants (DE# 117 at 4, 8/19/14). Specifically, the plaintiff argues that "[Mr.] Thier is not qualified to offer his opinions because he does not have sufficient training or experience to opine on German insolvency law," that his methodology is flawed, and his testimony will not assist the trier of fact because his opinions are not relevant to issues in this case. Id. at 5-8.

"Federal Rule of Evidence 702, as explained by the Supreme Court in Daubert...

3

and its progeny, controls determinations regarding the admissibility of expert testimony." City of Tuscaloosa v. Harcros Chems., Inc., 158 F.3d 548, 562 (11th Cir. 1998) (footnote and citation omitted). Under Daubert and Rule 702, the Court serves as a gatekeeper to the admission of scientific evidence. Quiet Technology DC-8 v. Hurel-Dubois UK Ltd., 326 F.3d 1333, 1340 (11th Cir. 2003) (citing Daubert, 509 U.S. 579, 589 (1993) and McCorvey v. Baxter Healthcare Corp., 298 F.3d 1253, 1256 (11th Cir. 2002)); Rink v. Cheminova, 400 F.3d 1286, 1291 (11th Cir. 2005). In ruling on the admissibility of expert testimony under Rule 702, the Court must determine whether:

> (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated by Daubert; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand evidence or to determine a fact in issue.

Quiet Technology, 326 F.3d at 1340-41 (citing City of Tuscaloosa, 158 F.3d at 562 (other citation omitted).

The undersigned finds that Carl Thier, Esq. is qualified to testify that German bankruptcy law does not require that the warranties be voided. Mr. Thier's German law credentials are summarized in the June 18, 2014 Letter as follows:

> I am fluent in both the German and English languages, oral and written. I am an attorney, licensed in the country of Germany, having attended law school there from 1990 through 1994, at the University of Trier, School of Law, and having taken my first state exam following law school, and the second state exam in 1997, following a series of legal apprenticeships for two years in Cologne, Germany. I am currently a licensed member of the German Bar, in good standing. My German Bar license number is 28712 (Munich Chapter).
>
> ***
>
> I am currently practicing law in the country of Germany, and am a partner

> in the international firm of Urban Thier Federer & Chinnery, maintaining offices in Munich, Germany, as well as New York, Orlando, Palm Beach and London, Great Britain. I have substantial knowledge and experience of German bankruptcy law.

June 18, 2014 Letter, Exhibit 1 (DE# 120-1 at 1, 9/4/14).

"Determining whether a witness is qualified to testify as an expert 'requires the trial court to examine the credentials of the proposed expert in light of the subject matter of the proposed testimony.'" Clena Inv., Inc. v. XL Specialty Ins. Co., 280 F.R.D. 653, 660 (S.D. Fla. 2012) (quoting Jack v. Glaxo Wellcome, Inc., 239 F. Supp. 2d 1308, 1314-16 (N.D. Ga. 2002)). "This inquiry is not stringent, and so long as the expert is minimally qualified, objections to the level of the expert's expertise [go] to credibility and weight, not admissibility." Id. (citing Vision I Homeowners Ass'n, Inc. v. Aspen Specialty Ins. Co., 674 F. Supp. 2d 1321, 1325 (S.D. Fla. 2009) (citations and internal quotation marks omitted; alteration in original). Here, Mr. Thier is a practicing lawyer in Germany who graduated from a German law school and is licensed to practice law in Germany. The plaintiff's criticism that "[Mr. Thier] admitted [at deposition that] German insolvency matters are not his area of regular practice," Plaintiff's Motion to Exclude Expert Proffered by Defendants (DE# 117 at 5, 8/19/14), is fodder for cross-examination, but not grounds to disqualify him as an expert in the instant case.

With respect to the methodology employed by Mr. Thier, the plaintiff notes that that "[Mr.] Thier reached his conclusions by reviewing a limited set of documents, some German statutes, and German case law." Plaintiff's Motion to Exclude Expert Proffered by Defendants (DE# 117 at 5, 8/19/14). The plaintiff argues that Mr. Thier's methodology is unreliable because: "He only reviewed the portion of the insolvency

5

record provided to him by Defendants' counsel. In fact, Thier admitted he didn't even have access to the entire insolvency file. He admitted he has never been lead counsel in any insolvency proceeding." Id. (internal citations to the record omitted). Again, the plaintiff's criticisms of Mr. Thier should be addressed through cross-examination, if Mr. Thier's testimony becomes relevant at trial. See Primrose Operating Co. v. Nat'l Am. Ins. Co., 382 F.3d 546, 562 (5th Cir. 2004) (stating that "as a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration . . . . It is the role of the adversarial system, not the court, to highlight weak evidence.") (emphasis in original) (internal quotations and citations omitted).

Finally, the undersigned concludes that if the question of whether German bankruptcy law required that the warranties be voided becomes an issue at trial, Mr. Thier's testimony would be helpful to the trier of fact. "[E]xpert testimony is admissible if it concerns matters that are beyond the understanding of the average lay person." United States v. Frazier, 387 F.3d 1244, 1262 (11th Cir. 2004) (en banc).

In its reply, the plaintiff states that it "has never put German law at issue in this case because Plaintiff has never alleged nor implied that the engine manufacturer, Thielert Aircraft Engines, GmbH ("TAE") was *required* to void its warranties as part of German insolvency proceedings." Plaintiff's Reply in Support of its Motion to Exclude Expert Proffered by Defendants (DE# 122 at 2, 9/15/14) (emphasis in original). In the unlikely event that it is alleged or implied at trial that the warranties were required to be voided under German Bankruptcy law, Mr. Thier should be permitted to testify.

6

## **RECOMMENDATION**

In accordance with the foregoing, the undersigned respectfully recommends that the Plaintiff's Motion to Exclude Expert Proffered by Defendants (DE# 117, 8/19/14) be **DENIED**. Should the question of whether German bankruptcy law required that the warranties be voided become an issue at trial, Mr. Thier should be allowed to testify.

The parties have fourteen (14) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Federico A. Moreno, United States District Court Judge. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. See LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this **22nd** day of September, 2014.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Moreno
All counsel of record